**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**
_____

KEVIN SZURA,

                Petitioner,

        v.                                     16-CR-26-A
                                                        18-CV-318-A

UNITED STATES OF AMERICA,                **DECISION AND ORDER**

                Respondent.
_____

Petitioner Kevin Szura seeks relief pursuant to 28 U.S.C. § 2255. For the reasons stated below, Petitioner's motion is denied.

## BACKGROUND

On September 14, 2016, Petitioner pled guilty to one count of conspiracy to possess with intent to distribute, and to distribute, controlled substances, in violation of 21 U.S.C. § 846; and one count of money laundering conspiracy, in violation of 18 U.S.C. § 1956(h). Several months later, the Court sentenced Petitioner to concurrent sentences of 34 months' imprisonment on each count. Petitioner did not file a notice of appeal.

Petitioner now seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Docket No. 103. Petitioner makes two claims for relief. First, he argues that his attorney failed to "either file a sentencing memorandum or place on the record objections to the enhancement Petitioner received for conduct that constitutes the Operation of a Money Transmitting Business (i.e., the use of Bitcion [sic])." *Id.* at 1. Second, Petitioner argues that his attorney failed "to file a direct appeal as directed." *Id.*

In response to Petitioner's second claim, the Court directed Petitioner's former counsel, Dominic Saraceno, Esq., to file an affidavit stating, among other things, whether

1

Petitioner asked him to file a notice of appeal. Mr. Saraceno has filed an affidavit stating that he has "no correspondence from the [Petitioner] asking [him] to file an appeal"; that he "received no telephone calls from the [Petitioner] or his family members asking [Mr. Saraceno] to file an appeal"; that "there are no notes [in counsel's file] indicating that the [Petitioner] wanted to file an appeal"; that Petitioner "did not make any inquiries to [Mr. Saraceno] about filing an appeal"; and that, had Petitioner directed Mr. Saraceno to file a notice of appeal, he would have done so. Docket No. 107 ¶¶ 3-7.[1]

## DISCUSSION

The Court considers each of Petitioner's arguments in turn.[2]

### 1. Petitioner's sentencing-related arguments

"To support a claim for ineffective assistance of counsel, [P]etitioner must demonstrate that his trial counsel's performance 'fell below an objective standard of reasonableness,' and that he was prejudiced by counsel's deficient acts or omissions." *Johnson v. United States*, 313 F.3d 815, 817-18 (2d Cir. 2002) (quoting *Strickland v. Washington*, 466 U.S. 668. 687-90 (1984)).[3]

Petitioner has not demonstrated that his counsel was in any way deficient. Petitioner contends that counsel should have objected to "the enhancement Petitioner received for conduct that constitutes the Operation of a Money Transmitting Business,

---

[1] The Court invited Petitioner to respond to the Government's answer and Mr. Saraceno's affidavit (Docket No. 106), but Petitioner has not done so.

[2] Because the Court concludes that both of Petitioner's arguments are without merit, the Court need not address whether the collateral-attack waiver in Petitioner's plea agreement precludes relief.

[3] "[A]bsent a complete miscarriage of justice," § 2255 does not allow a habeas petitioner to obtain relief for errors in the calculation of his Sentencing Guideline range. *Graziano v. United States*, 83 F.3d 587, 590 (2d Cir. 1996). This procedural bar, however, does not apply when, as in this case, a petitioner's "challenge to the [Guidelines] calculation . . . takes the form of a Sixth Amendment ineffective assistance of counsel claim." *Johnson*, 313 F.3d at 817.

2

(i.e., the use of Bitcoin)." Docket No. 103 at 1. But Petitioner's Guidelines calculation did not include such an enhancement. To be sure, Petitioner's base offense level was enhanced two levels, pursuant to Guideline § 2S1.1(b)(2)(B), because Petitioner was convicted of a money laundering offense—that is, a violation of 18 U.S.C. § 1956. That enhancement, however, would have applied to Petitioner's Guidelines calculation regardless of whether counsel objected. Counsel could not, then, have been deficient for failing to object to this enhancement because any such objection would have been frivolous. *See United States v. Caputo*, 808 F.2d 963, 967 (2d Cir. 1987) (holding that counsel "exercised sound professional discretion by declining to make a plainly frivolous suppression motion").

Further, Petitioner's argument that counsel failed to file a sentencing memorandum has no support in the record. Counsel did file a sentencing memorandum (Docket No. 89), as well as objections to the Pre-Sentence Investigation Report (Docket No. 88).

Petitioner's first claim of ineffective assistance of counsel is, therefore, without merit.

### 2. Petitioner's claim regarding a notice of appeal

"When a defendant claims that his attorney failed to file a requested notice of appeal," the district court must hold "a hearing . . . to determine whether the client requested the appeal." *Campusano v. United States*, 442 F.3d 770, 776 (2d Cir. 2006). But a district court also has "discretion to exercise [its] common sense" "to expand the record without conducting a full-blown testimonial hearing." *Chang v. United States*, 250 F.3d 79, 85-86 (2d Cir. 2001) (quotation marks omitted). For instance, "when counsel has submitted a detailed affidavit" in response to his former client's claims of ineffective

3

assistance, a court ordinarily need not conduct an evidentiary hearing. *United States v. Hernandez-Uberia*, No. 07 Cr. 378-03(SHS), 2010 WL 1948586, at *2 (S.D.N.Y. May 11, 2010). As noted, Petitioner's former counsel filed a detailed affidavit stating, among other things, that Petitioner did not ask counsel to file a notice of appeal, and that nothing in counsel's record suggests that Petitioner ever asked him to do so.

"Th[e] Court accepts counsel's affidavit over petitioner's bare assertions and concludes on this basis of this expanded record that the taking of live testimony is not necessary to evaluate petitioner's claims." *Id.* *See also Fermin v. United States*, 859 F. Supp. 590, 602 (S.D.N.Y. 2012) ("[W]ith only [petitioner's] own conclusory allegations to support [his] claim, and without any indication that an evidentiary hearing or any other discovery would be fruitful, the Court denies [petitioner's] claim without a hearing.") The Court therefore finds that Petitioner did not, as he claims, direct his attorney to file a notice of appeal. Petitioner's ineffective-assistance claim on that ground is therefore without merit.

## CONCLUSION

For the reasons stated above, Petitioner's § 2255 petition (Docket No. 103) is denied. Further, pursuant to 28 U.S.C. § 2253(c)(1) and Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court declines to issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. Finally, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal taken from this decision would not be taken in good faith. Thus, leave to appeal *in forma pauperis* is denied. Petitioner is nonetheless advised that, should he decide to appeal this Decision and Order, "Federal Rule of Appellate Procedure 4(a)

governs the time to appeal," and "[a] timely notice of appeal must be filed even" though the Court declined to issue a certificate of appealability. Section 2255 Rule 11(b).

The Clerk of the Court shall take all steps necessary to close the parallel civil action, 18-CV-318-A.

**SO ORDERED.**


Dated: June 26, 2018                         _s/Richard J. Arcara_
    Buffalo, New York              HONORABLE RICHARD J. ARCARA
                                                      UNITED STATES DISTRICT JUDGE