**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

KEVIN SZURA,

                Petitioner,

        v.                                                          16-CR-26-A
                                                                      18-CV-318-A

UNITED STATES OF AMERICA,               **DECISION AND ORDER**

                Respondent.
_____

On June 26, 2018, the Court denied Petitioner's § 2255 motion. *See* Docket No. 108. In its Decision and Order, the Court noted that Petitioner had been given until June 19, 2018 to reply to both the Government's answer and an affidavit from Petitioner's former attorney, Dominic Saraceno. *Id.* at 2 n.1. As of the June 26, 2018—the date the Court filed its Decision and Order—the Court had not received a reply from Petitioner.

On June 27, however, the Clerk of Court docketed Petitioner's reply, which Petitioner had mailed on June 19, and which the Clerk of Court received on June 25.[1] *See* Docket No. 109 at 5-6. As a result, the Court did not have the benefit of Petitioner's reply when it filed its Decision and Order denying Petitioner's § 2255 motion.

In light of the arguments raised in Petitioner's reply, the Court has reviewed *de novo* Petitioner's § 2255 motion, the Government's answer, and Mr. Saraceno's affidavit. Upon *de novo* review, the Court will again deny Petitioner's § 2255 motion.

---

[1] Petitioner's response was timely. *See* Rule 3(d) of Rules Governing Section 2255 Proceedings for the United States District Courts.

1

Petitioner's reply does not contest Mr. Saraceno's sworn statement that Petitioner did not ask counsel to file a notice of appeal. Thus, it remains unnecessary to hold an evidentiary hearing on Petitioner's claim regarding a notice of appeal.

Further, Petitioner's reply does not convince the Court that Mr. Saraceno was ineffective for not objecting to a Sentencing Guideline enhancement. Petitioner relies on Application Note 3(C) to Sentencing Guideline § 2S1.1, which states that Guideline § 2S1.1(b)(2)(B) "shall not apply if the defendant was convicted of a conspiracy under 18 U.S.C. § 1956(h)"—which Petitioner was—"and the sole object of that conspiracy was to commit an offense set forth in 18 U.S.C. § 1957." The object of the conspiracy to which Petitioner pled guilty, however, was "to commit a violation of Title 18, United States Code, Section 1956"—not § 1957. Docket No. 53 at 3 (Plea Agreement). Thus, Guideline § 2S1.1(b)(2)(B) automatically applied to Petitioner's Guideline calculation. Petitioner's counsel could not, then, have been ineffective for not objecting to the application of § 2S1.1(b)(2)(B).

## CONCLUSION

For the reasons stated above, as well as in the Court's June 26, 2018 Decision and Order (Docket No. 108), Petitioner's § 2255 petition (Docket No. 103) is denied. Further, pursuant to 28 U.S.C. § 2253(c)(1) and Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court declines to issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. Finally, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal taken from this decision would not be taken in good faith. Thus, leave to appeal *in forma pauperis* is denied. Petitioner is nonetheless advised that, should he decide to appeal

this Decision and Order, "Federal Rule of Appellate Procedure 4(a) governs the time to appeal," and "[a] timely notice of appeal must be filed even" though the Court declined to issue a certificate of appealability. Section 2255 Rule 11(b).

The Clerk of the Court shall take all steps necessary to close the parallel civil action, 18-CV-318-A.

**SO ORDERED.**


Dated: July 2, 2018                            _s/Richard J. Arcara_
     Buffalo, New York                HONORABLE RICHARD J. ARCARA
                                           UNITED STATES DISTRICT JUDGE