IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

               v.                                  16-cr-26

KEVIN SZURA,

                     Defendant.
_____

### GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

The United States of America by and through its attorney, James P. Kennedy, Jr., United States Attorney for the Western District of New York, and the undersigned Assistant United States Attorney, hereby files this Memorandum of Law in Opposition to Defendant's Motion for Early Termination of Supervised Release.

### FACTUAL BACKGROUND

On September 30, 2016, the defendant pleaded guilty to: (1) violating 21 U.S.C. 846 (conspiracy to possess with intent to distribute, and to distribute, controlled substances) and (2) violating 21 U.S.C. 1956(h) (money laundering conspiracy). *See* Docket No. 53. The Court sentenced him to 34-months imprisonment, to be followed by three years of supervised release. *See* Docket No. 94. On September 8, 2020, just over 18-months into his supervised release term, the defendant filed the instant motion to modify his supervised release term seeking early termination of the term. *See* Docket No. 113. The government opposes the defendant's request for all the reasons stated below.

## STANDARD

Pursuant to 18 U.S.C. § 3583(e)(1), a court may, in its discretion, and "after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)— terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *See United States v. Sam,* No. 16-CR-184 (JGK), 2018 WL 836055, at *1–2 (S.D.N.Y. Feb. 12, 2018).

## ARGUMENT

A sentence to supervised release is to a term of community supervision following a period of imprisonment. *See* 18 U.S.C. § 3624(e). Unlike parole, supervised release is not a form of early release from prison; it is a separate sentence imposed together with a sentence to imprisonment. *See* 18 U.S.C. § 3583. The purposes of supervise release are to "fulfull[ ] rehabilitative ends distinct from those served by incarceration." *United States v. Johnson,* 529 U.S. 53, 59, 120 S. Ct. 1114, 146 L.Ed.2d 39 (2000) (citing S.Rep. No. 98–225, at 124 (1984) *reprinted in* 1984 U.S.C.C.A.N. 3182, 3307).

In this vein, "[c]ourts do not order early termination of supervised release as a matter of course." *United States v. Stein*, No. 09-CR-377 (RPK), 2020 WL 4059472, at *2 (E.D.N.Y. July 19, 2020). Indeed, the Second Circuit has held that early termination of supervised release may be granted "[o]ccasionally" when there are "new or unforeseen circumstances." *United States v. Black*, No. 10-CR-303-A, 2013 WL 2527371, at *2 (W.D.N.Y. June 10, 2013) (quoting *United States v. Lussier,* 104 F.3d 32, 36 (2d Cir.1997)). "Unforseen circumstances

may arise when the defendant exhibits 'exceptionally good behavior' that would "render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals." *Id.* Exceptionally good behavior, however, is not established by mere compliance with the terms of supervised release, which is what is expected . . . and does not warrant early termination." *Stein*, 2020 WL 4059472, at *2 (internal quotation marks omitted). To be certain, "[t]hough new or changed circumstances are <u>not</u> a prerequisite to early termination, *see United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016) (per curiam), a defendant's full compliance with the terms of supervised release, without more, generally does not warrant early termination." *United States v. Kassim*, No. 15 CR. 554-3 (KPF), 2020 WL 2614760, at *2 (S.D.N.Y. May 22, 2020). This is true because "if every defendant who complied with the terms of a supervised release were entitled to early termination, "the exception would swallow the rule." *Id.*

*United States v. Stein* is illustrative. There, in support of his motion for early termination of his supervised release, the defendant asserted that he complied with the terms of his supervision, timely made his restitution payments, had no administrative violations or problems with the Probation Office, complied with travel notice requirements, and remained employed. *Stein*, 2020 WL 4059472, at *2. The court denied his motion holding that "[w]hile that compliance is commendable, it does not in itself justify terminating supervision because it does not amount to such 'exceptionally good behavior' as to render the conditions of his supervised release 'too harsh' or 'inappropriately tailored to . . . the general punishment goals of section 3553(a).'" *Id.* (quoting *Lussier*, 104 F.3d at 36).

In contrast, the *Sam* court granted the defendant's motion for early termination of supervised release where the defendant, who was a recipient of a Soros fellowship and actively

involved in helping other formerly incarcerated women, applied for early termination because her "laudable efforts ha[d] in fact been hampered by her supervised release because she [wa]s restricted in her ability to associate with others who [we]re still on supervised release."  2018 WL 836055, at *1.

Here, the defendant contends that because he has complied with his supervision terms to date, he is entitled to early termination of supervised release.  The defendant does not proffer any new or changed circumstances, nor does he demonstrate exceptionally good behavior.  *See, e.g.*, *Kassim*, 2020 WL 2614760, at *2 ("[A] defendant's full compliance with the terms of supervised release, without more, generally does not warrant early termination."); *See United States v. Shellef*, No. 03-CR-0723 (JFB), 2018 WL 3199249, at *2 (E.D.N.Y. Jan. 9, 2018) ("Moreover, numerous courts have correctly concluded that generally good behavior and reintegration into society do not warrant early termination of supervised release."); *United States v. Melvey,* No. 2:07-CR-00055 (ADS), 2018 WL 6624193, at *2 (E.D.N.Y. Dec. 18, 2018) ("While the Defendant's behavior in prison and on supervised release is laudable, it is not so unusual as to merit early termination.  Model prison conduct and full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." (internal citation omitted)); *Black*, 2013 WL 2527371, at *3 ("Compliance with conditions of supervision may be a prerequisite to early termination, but it does not satisfy the interest-of-justice test for early discharge from supervised release in light of the general purposes of sentencing referred to in § 3583(e)(1).").

Nor does defendant raise any exceptional problems associates with completing his remaining time of supervised release so as to make the period unduly harsh or otherwise

inappropriate. *See United States v. Discenza*, No. 14 CR 273 (NRB), 2016 WL 3443586, at *2 (S.D.N.Y. May 31, 2016); *Black*, 2013 WL 2527371, at *3 (holding "[w]hile defendant Black argues that his travel restriction is having a negative effect on his business, he does not establish more than that the travel-approval process is inconvenient. For example, defendant reports no specific instance when the travel-approval process has had a concrete negative effect on his business, no instance when he sought and was denied expedited approval for important business travel, and he reports no efforts on his part to mitigate negative effects his business is suffering"); *cf. Sam*, 2018 WL 836055, at *1–2. To the contrary, the defendant highlights that while under supervised release, he has begun to repair his life and reintegrate into society. Supervised release, then, has not hindered his progress in any fashion whatsoever. *See Shellef*, 2018 WL 3199249, at *2 (denying motion for early termination of supervised release where defendant supervision did "not hinder [defendant's] ability to live his life or subject[] him to unduly harsh restrictions.").

Neither do the 18 U.S.C. § 3553 factors weigh in favor of early termination. The defendant committed a serious and sophisticated crime involving the use of bitcoins to buy bulk quantities of alprazolam bars (commonly referred to as Xanax) from dark net vendors for redistribution by defendant and co-conspirators. Even after pleading guilty to the offense convictions, the defendant continued to engage in the conspiracy (which resulted in forfeiting his Safety Valve sentencing considerations). *See* Docket No. 87. With respect to deterrence, truncating defendant's supervised release term undermines both the general and specific principals of deterrence. *See Stein*, 2020 WL 4059472, at *2. Furthermore, having lost the 2-level Safety Valve downward departure and the 3-level acceptance of responsibility, defendant faced a Guidelines range of 33-41 months imprisonment. The court sentenced him to the

lower end of that range with 34 months.  Accordingly, terminating his supervised release term could risk creating sentencing disparities with other defendants who have committed similar crimes.  *See id.*  On balance, the factors weigh against terminating defendant's supervised release term.

Moreover, the defendant cites cases contending that "[o]ther defendants with similar criminal convictions have been terminated early, at about the same time-served on supervision as [he has]."  Docket No. 113 at 13.  These cases are distinguishable.  In *United States v. Parker*, the defendant completed four out of five years of his supervised release term.  He not only complied with the conditions of his supervised release, but also "volunteered his time and a made a positive impact on the community.  08-cr-254 (WMS) (W.D.N.Y.) at Docket No. 91.  Similarly, the defendant in *United States v. Sousa* served three years of his four-year supervised release term before moving to terminate supervised release.  *See* 10-cr-1 (LEK) (N.D.N.Y.) at Docket No. 60.[1]

Put simply, the defendant is currently on low-level supervised release.  He fails to identify any onerous aspects of this supervision hindering him from reengaging in society.  Nor has he demonstrated any extraordinary rehabilitation meriting the occasional grant of early termination.  Accordingly, the defendant's motion should be denied.

---

[1] The defendant also cited to *United States v. Pollard* as No. 2:05-CR-16 (E.D.N.Y. Oct. 30, 2017).  Undersigned counsel was unable to locate this docket.  A similar case from the Eastern District of New York, *United States v. Cummings*, No. 06-CR-481 (JGK), 2017 WL 946349, at *1 (S.D.N.Y. Mar. 7, 2017), still does not support defendant's position.  Although the *Cummings* court granted the defendant's motion for early termination, it did so only after the defendant had served three-and-a-half years out of his five year term of supervised release.

## CONCLUSION

For all the reasons stated above, the defendant's motion for early termination of supervised release should be denied.

DATED:  Buffalo, New York, September 30, 2020.

JAMES P. KENNEDY, JR.
United States Attorney

*S/ CAITLIN M. HIGGINS*

By:   _____

CAITLIN M. HIGGINS
Assistant U.S. Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5818
Caitlin.Higgins@usdoj.gov